# SPEAR & JACKSON (U.S.), INC. *v.* STATE TAX COMMISSION

John W. Osburn, Eugene, argued the cause for plaintiff. John W. Osburn, Eugene, and Riddlesbarger, Pedersen, Brownhill & Young, Eugene, filed a brief.

Donald C. Seymour, Assistant Attorney General, Salem, argued the cause for defendant and submitted a brief.

Decision for defendant rendered May 17, 1965.

EDWARD H. HOWELL, Judge.

This is a suit for a refund of ad valorem taxes paid by the plaintiff.

Plaintiff is engaged in manufacturing saws and saw products and imports the necessary steel from

Canada, England and Sweden. Several months' supply of steel is kept on hand. All of the imported steel is used for manufacturing and is not for resale. It is stored in storerooms in the plant or closely adjacent thereto. Some of the imported steel arrives in coils held with bands around the coils and is stored in the same manner. Saw plates arrive attached to a large board and are stored in the plant. Forgings arrive in burlap bags and are stored in boxes.

The issue is whether the county is prohibited from taxing the steel because of the "import-export" clause of the United States Constitution.

Article I, § 10, of the United States Constitution provides "* * * No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing it's inspection Laws * * *."

■ Generally, since 1827, the rule has been that imported goods are not subject to state taxation, either ad valorem or license, until the articles are either sold, removed from the original package, or put to the use for which they were imported. *Brown v. Maryland,* 25 US (12 Wheat) 419, 6 L Ed 678 (1827); *Low v. Austin,* 80 US (13 Wall) 29, 20 L Ed 517 (1871).

The Supreme Court of the United States has recognized a distinction between goods imported for sale and goods imported for use in manufacturing. *Youngstown Sheet & Tube Co. v. Bowers* and *United States Plywood Corp. v. City of Algoma,* (decided together) 358 US 534, 79 S Ct 383, 3 L Ed2d 490 (1958); *State v. Board of Review, City of Milwaukee,* 15 Wis2d 330, 112 NW2d 914 (1961).

■ If the imported goods are to be used for manu-

facturing they are subject to state taxation if they have been put to the use for which they were imported. *Hooven & Allison. Co. v. Evatt,* 324 US 652, 65 S Ct 870, 89 L Ed 1252, (1944).

■ If the imported goods are to be used for manufacturing and if they have entered the manufacturing process they are subject to state taxation even though they remain in their "original package." *Youngstown Sheet & Tube Co. v. Bowers* and *United States Plywood v. City of Algoma, supra.*

The court in the latter two cases also held that if the imported goods are required to be kept on hand to meet the manufacturers "current operational needs" and were being used to supply those needs, they are taxable regardless of whether or not they remain in their original package. See also *Continental Coffee Co. v. Bowers,* 174 Ohio St 435, 189 NE2d 901 (1963); *City and County of Denver v. Denver Publishing Co.,* 153 Colo. 539, 387 P2d 48 (1963).

The court in *Continental Coffee Co. v. Bowers* and *City and County of Denver v. Denver Publishing Co., supra,* interpreted the *Youngstown* and *United States Plywood* cases as meaning that only the inventory required for "current operational needs" was taxable and that a surplus inventory stored for eventual use in manufacturing was not taxable. This was because the court believed the surplus inventory had not yet been put to the use for which it was imported.

In the instant case there was evidence that at least some of the steel goods were in their original package. However, this is immaterial under the *Youngstown* and *United States Plywood* cases if the goods have been put to the use for which they were imported. There was no evidence of segregation of the

inventory according to current operational needs and surplus inventory. The presumption in favor of the validity of the assessment made by the county assessor has not been overcome and the plaintiffs cannot prevail.